DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss filed November 21, 2008, in its Answer, alleging that Plaintiff failed to file her appeal within the 90 days required by ORS 305.280(2).[1]
A case management conference was held Thursday, December 11, 2008. Plaintiff appeared on her own behalf. Tami Idsinga, Tax Auditor, appeared on behalf of Defendant.
The parties agree that Defendant's Notice of Proposed Adjustment and/or Distribution (Notice) was dated April 18, 2008. Plaintiff's Complaint was postmarked September 26, 2008. That interval is longer than the 90 days allowed by ORS 305.280(2), which provides:
 "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
Defendant's Notice denying Plaintiff's refund request was final Monday, May 19, 2008. Plaintiff had 90 days from the date the Notice was final to file her appeal. Plaintiff's appeal was *Page 2 
filed more than 90 days after that date. The court is not aware of any circumstance that extends the statutory limit of 90 days.
When Plaintiff did not receive her income tax refund soon after electronically filing her return, she contacted Defendant. Plaintiff stated that she was informed "that she had to wait for the letter and there was nothing [she] could do." (Ptf's Compl at 3.)
Defendant stated that on March 10, 2008, when it received Plaintiff's 2007 state income tax return, it updated her address. On March 26, 2008, Defendant mailed Plaintiff a letter stating that it was requesting substantiation of child care expenses and working family credit claimed on Plaintiff's income tax return. That letter was returned April 11, 2008, as undeliverable. On April 18, 2008, Defendant refunded a portion of Plaintiff's 2007 state income tax refund. Defendant's Notice, dated April 18, 2008, was mailed to Plaintiff. That letter which was sent to the same address as the letter mailed March 26, 2008, and was not returned as undeliverable.
Even though Plaintiff states that she never received Defendant's Notice dated April 18, 2008, Plaintiff contacted the Oregon Department of Revenue's Lake Oswego office on May 21, 2008, seeking their help in providing Defendant with copies of the requested substantiation. On June 6, 2008, Defendant, after receiving Plaintiff's documents and notice of her new address and phone number, sent a letter to her stating that the 30 day window to request a conference was past. Defendant told Plaintiff that she could file an appeal with the Oregon Tax Court, Magistrate Division.
Plaintiff alleges that no one told her that the appeal must be filed within 90 days of the time Defendant's Notice was final. Plaintiff states that she did not file her appeal with the court until late September because she did not have funds to pay the $25 filing fee. Plaintiff did not *Page 3 
contact the court to see if the filing fee could be waived. On October 9, 2008, Defendant sent Plaintiff a third copy of its April 18, 2008, Notice.
This is a difficult situation for Plaintiff. She diligently worked to comply with Defendant's document requests and ultimately provided documents. However, Plaintiff missed the 30 day window to schedule a conference with Defendant. Having missed that 30 day window to continue discussions with Defendant, Plaintiff failed to file her appeal in the court within 90 days after Defendant's Notice was final. Unfortunately, the statutory limit cannot be extended. Defendant's motion is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is allowed. Plaintiff's Complaint is dismissed.
Dated this _____ day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jill A. Tanner on January 12,2009. The Court filed and entered this document on January 12,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to year 2007. *Page 1